UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**JOHN TAYLOR TYER, #54606-056,**

    **Petitioner,**

v.                                                                                                                    No. 2:17cv294

**ERIC WILSON, *Warden*,**

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner John Tyer, a federal inmate, was convicted in 2011 of conspiracy to manufacture methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. He filed this petition for a writ of habeas corpus 28 U.S.C. § 2241, seeking a resentencing hearing or evidentiary hearing to establish his actual innocence. He is currently serving a total of 192 months in prison. His petition argues that he is actually innocent of the crimes for which he was convicted and seeks to prove his innocence with newly discovered evidence. See Pet. at 4 (ECF No. 1). Because Tyer already raised similar claims in a motion for relief before the sentencing court, and his petition does not fall within the narrow range of claims which may be brought by federal prisoners under the so-called "savings provision" of 28 U.S.C. § 2255(e), the court should DISMISS Tyer's petition under § 2241 for lack of jurisdiction.

### I. STATEMENT OF THE CASE

On July 8, 2011, the United States District Court in the Eastern District of North Carolina sentenced Tyer to 226 months' imprisonment. This sentence consisted of 166 months'

imprisonment for conspiracy to manufacture methamphetamine and 60 months' imprisonment consecutive to the first sentence for possession of a firearm in furtherance of a drug trafficking offense.[1] J. Order at 3, United States v. Tyer, No. 5:10cr238-F-3 (E.D.N.C July 8, 2011) (ECF No. 179). After appealing his sentence to the Fourth Circuit unsuccessfully, Tyer moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. See Def.'s Mem. in Supp. of Mot. to Vacate, United States v. Tyer, No. 5:10cr238-F-3 (E.D.N.C. June 21, 2013) (ECF No. 258-1). The district court dismissed the motion to vacate under § 2255. Order, United States v. Tyer, No. 5:10cr238-F-3 (E.D.N.C. Feb. 27, 2015) (ECF No. 272). The Fourth Circuit upheld the dismissal of Tyer's motion. United States v. Tyer, No. 15-6526, slip op. (4th Cir. June 30, 2015).

Tyer remains in custody at Federal Correctional Institute Petersburg in the Eastern District of Virginia. See 28 U.S.C. § 127; Pet. Form at 1 (ECF No. 1). He files the present petition under 28 U.S.C. § 2241. Pet. at 2 (p. 8 to ECF No. 1). His present petition argues he is being detained for a crime of which he is actually innocent and has new evidence to support this claim. Specifically, as he did in his original § 2255 motion for relief, he argues he could not have possessed any firearms in furtherance of a drug trafficking crime because the government seized the weapons on the day they arrested him for the drug offense. Because Tyer has already filed a § 2255 motion in the district court where he was sentenced, and the time has passed for him to file a motion for reconsideration, he also claims that a petition pursuant to 28 U.S.C. § 2241 is proper. Id. at 3 (pp. 8-9 to ECF No. 1). It is not.

---

[1] In February 2016, Tyer moved for retroactive application of sentencing guidelines pursuant to 18 U.S.C. § 3582, seeking to benefit from the 2014 guideline amendments reducing the offense levels applicable to certain drug offenses. Resp't's Br. at 2 (ECF No. 7). The district court granted the motion and reduced Tyer's sentence on the conspiracy count to 132 months' imprisonment. Id.

## II. ANALYSIS

### A. The savings clause in § 2255 of the Habeas Corpus Statute is narrowly construed.

Federal prisoners must ordinarily challenge their sentence by motion under 28 U.S.C. § 2255, "which channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) (quoting Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997)). Section 2255(h) prohibits successive motions for relief except in certain circumstances. See 28 U.S.C. § 2255(h). This gatekeeping provision, enacted with the Antiterrorism Effective Death Penalty Act ("AEDPA"), limits successive motions to those that are timely[2] and based upon either (1) newly discovered evidence or (2) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. United States v. Poole, 531 F.3d 263, 266 n. 4 (4th Cir. 2008) (citing 28 U.S.C. § 2255(h)).

Tyer has already sought relief from the district of conviction using § 2255, and his petition does not allege any new rule of constitutional law or timely discovery of innocence-proving evidence since the filing of that petition. As a result, he has filed this petition for a writ of habeas corpus under § 2241, asserting that § 2255 is inadequate or ineffective to test the legality of his confinement. Pet. at 2 (p. 8 to ECF No. 1); see 28 U.S.C. § 2255(e). "Indeed, when § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241." In re Jones, 226 F.3d at 333 (quoting 28 U.S.C. § 2255(e)).[3]

---

[2] Tyer admits he is outside the limitation period for relief under § 2255. Pet. at 2 (p. 8 to ECF No. 1).

[3] Section 2255(e) provides:

> An application for a writ of habeas corpus [(§ 2241 petition)] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced

3

The Fourth Circuit has interpreted this so-called "savings clause" of § 2255 narrowly. Claims challenging the validity of a federal prisoner's conviction or sentence may be brought under § 2241 only when § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention." § 2255(e).[4] And, § 2255 is inadequate or ineffective only when:

(1) at the time of conviction, settled law of [the Fourth Circuit] or the Supreme Court established the legality of the conviction;

(2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

(3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34. Importantly, the savings clause in § 2255 is available only to those alleging "actual innocence of the underlying offense of conviction." Darden v. Stevens, 426 F. App'x 173, 174 (4th Cir. 2011) (unpublished); see In re Jones, 226 F.3d at 333-34 ("such that the conduct of which the prisoner was convicted <u>is deemed not to be criminal</u>" (emphasis added)); United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008) (citing In re Jones, 226 F.3d at 333-34) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."). While petitions under § 2241 may be used to challenge the execution of a federal sentence, United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004), challenges to the validity of a federal sentence must fit within the Fourth Circuit's limited view of the savings clause articulated in In re Jones. Tyer's challenge does not.

---

him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

[4] Section 2255(e) limits the Court's jurisdiction to hear a § 2241 petition. See § 2255(e) ("An application for a writ of habeas corpus . . . <u>shall not be entertained</u> . . . .") (emphasis added); Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) ("[T]he district court lacked jurisdiction over the Habeas Motion because Rice is unable to satisfy the second prong of the Jones rule.").

B.  **Tyer's Petition fails to meet the In re Jones test because he alleges no substantive law change that would affect the legality of his conviction.**

Tyer urges the court to consider his petition under § 2241 because he "can no longer file a § 2255 motion," due to that section's statute of limitations. Pet. at 2 (p. 8 to ECF No. 1). More is required to fit within § 2255's savings clause. As explained above, the Fourth Circuit has made clear the district courts only have jurisdiction to hear § 2241 petitions in the limited circumstance that the law has changed to make the conduct underlying a conviction no longer criminal. See In re Jones, 226 F.3d at 333-34. Tyer has cited no change in the law that would make innocent the conduct underlying his conviction. In this way, he fails to meet the second of the In re Jones elements, which requires that the "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." See id. at 334. In fact, the claims Tyer attempts to allege here are nearly identical to those alleged in his original motion for relief made under § 2255. Because he has not presented a change in the law that would render the conduct underlying his conviction non-criminal, this court lacks jurisdiction to consider his claim under § 2241. Accordingly, Tyer's petition should be DISMISSED.

## III. RECOMMENDATION

Because Tyer's petition does not allege a claim cognizable under 28 U.S.C. § 2241, the Court lacks jurisdiction to reach the merits of his claim. Accordingly, the court RECOMMENDS the Petition (ECF No. 1) be DISMISSED.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the

5

date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

Failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir.1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.1984).

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
November 2, 2017

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

John Taylor Tyer
#54606-056
F.C.I. Petersburg Low
Inmate Mail/Parcels
P.O. Box 1000
Petersburg, VA 23804

Andrew Bosse
United States Attorney Office
101 W. Main St.
Suite 8000
Norfolk, VA 23510

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

November 2, 2017